UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN FREDERICK BAKER,          :
JR.,                              :
                                  :
         Petitioner               :     NO. 1:16-CV-02478
                                  :
    vs.                           :
                                  :
JAY LANE, et al.,                 :     (Judge Kane)
                                  :
         Respondents              :

### MEMORANDUM

On December 15 2016, Petitioner, Stephen Frederick Baker, Jr., an inmate at the State Correctional Institution at Fayette, Labelle, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)  Baker paid the $5.00 filing fee.  The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.[1] For the reasons set forth below Baker's petition will be dismissed as untimely filed.

### Factual Background

In the petition Baker alleges that on September 11, 2006, he pled guilty to two counts of second degree murder and one count of possession of a firearm by a prohibited person and was sentenced by the Court of Common Pleas of Huntingdon County,

---

1.  Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

Pennsylvania, to two terms of life imprisonment to be served concurrently plus a consecutive term of imprisonment of 5 to 10 years. (Doc. 1, at 1-2.)  Baker contends he filed appeals and post-conviction proceedings in state court but his allegations regarding the timing of those proceedings are somewhat vague. (Id. at 3-9.)  However a review of the dockets of the Huntingdon County Court of Common Pleas, the Pennsylvania Superior Court and the Pennsylvania Supreme Court[2] reveals that on September 20, 2006, Baker filed in the Court of Common Pleas a post-sentence motion, Commonwealth of Pennsylvania v. Stephen Frederick Baker, Jr., CP-31-CR-0000013-2005,[3] apparently challenging the voluntariness of his guilty pleas and claiming that his counsel was ineffective. (See Doc. 1, at 2.)  On April 4, 2007, the Court of Common Pleas denied the post-sentence motion[4] and on April 25, 2007, Baker

---

2.  The court utilized the Unified Judicial System of Pennsylvania Web Portal to review the trial and appellate court dockets of Baker's criminal case. A district court may take judicial notice of proceedings in another court. See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

3.  See page 14 of the electronic docket of the Court of Common Pleas accessible by Pennsylvania's Unified Judicial System Web Portal(https://ujsportal.pacourts. us/DocketSheets/CPReport.ashx?docketNumber=CP-31-CR-0000013-2005 (Last accessed December 29, 2016)).

4.  Id. at 15.

filed a notice of appeal.[5]  On February 12, 2008, the Superior
Court affirmed the decision of the Court of Common Pleas.
Commonwealth of Pennsylvania v. Stephen Frederick Baker, Jr., 738
MDA 2007.[6]  Baker did not seek review in the Pennsylvania Supreme
Court and, consequently, Baker's judgment of conviction and
sentence became final on March 13, 2008, 30 days after the
Superior Court issued its decision.  After 309 days elapsed with
no proceedings pending in state court, Baker on January 16, 2009,
filed in the Court of Common Pleas of Huntingdon County a petition
under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§
9541, et seq. ("PCRA"). Commonwealth of Pennsylvania v. Stephen
Frederick Baker, Jr., CP-31-CR-0000013-2005.[7]  On November 19,
2009, the Court of Common Pleas denied the PCRA petition and that
decision became final and the PCRA proceedings terminated on
December 21, 2009, when Baker did not file an appeal to the
Superior Court.[8] After an additional 43 days elapsed with no
proceedings pending in state court, Baker on February 2, 2010,

---

5.  Id. at 16.

6.  See page 3 of the electronic docket of the Superior Court
(https://ujsportal.pacourts.us/DocketSheets
/AppellateCourtReport.ashx?docketNumber=738+MDA+2007 (Last
accessed December 29, 2016)).

7.  See page 17 of the electronic docket of the Court of Common
Pleas.

8.  Id. at 19.

filed a second PCRA petition.[9]   On February 26, 2015, the Court of
Common Pleas granted the second PCRA to the extent that Baker's
appeal rights were reinstated and Baker filed an appeal to the
Superior Court challenging the denial of his first PCRA
petition.[10]   However, on November 30, 2015, the Superior Court
affirmed the decision of the Court of Common Pleas. Commonwealth
of Pennsylvania v. Stephen Frederick Baker, Jr., 476 MDA 2015.[11]
Subsequently, on April 6, 2016, the Supreme Court of Pennsylvania
denied Baker's petition for allowance of appeal. Commonwealth of
Pennsylvania, Respondent v. Stephen Frederick Baker, Jr.,
Petitioner, 984 MAL 2015.[12]   After that denial there were no
further proceedings pending in state court and a period of 253
days elapsed before Baker filed on December 15, 2016, the present
habeas petition in this court.

**Discussion**

        There is a one-year statute of limitations for filing a
§ 2254 petition for writ of habeas corpus.  See 28 U.S.C. §
2244(d)(1).  For our purposes, that period starts to run from the

---

9.  Id. at 20.

10.  Id. at 22.

11.  See page 3 of the electronic docket of the Superior Court
(https://ujsportal.pacourts.us/DocketSheets
/AppellateCourtReport.ashx?docketNumber=476+MDA+2015 (Last
accessed December 29, 2016)).

12.  See page 2 of the electronic docket of the Supreme Court
(https://ujsportal.pacourts.us/DocketSheets/
AppellateCourtReport.ashx?docketNumber=984+MAL+2015 (Last
accessed December 29, 2016)).

date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, 28 U.S.C. § 2244(d)(2) also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" We will first address the question of when Baker's conviction became final for purposes of the commencement of the 1-year statute of limitations and then address whether there is any other time excluded under §2244(d)(2).

As stated above, Baker was sentenced on September 11, 2006. Baker took a direct appeal and his sentence became final on March 13, 2008. The period of time which elapsed from the date Baker's sentence became final until Baker filed his first PCRA petition is 309 days. The first PCRA petition was denied on November 19, 2009, and a period of 43 countable days elapsed before Baker filed a second PCRA petition. Finally, all post-conviction proceedings terminated when the Pennsylvania Supreme Court denied Baker's petition for allowance of appeal on April 6, 2016. The total elapsed and non-excludable time is 605 days (309 + 43 + 253 = 605) which is well in excess of the 1-year statute of limitations. Consequently, Baker's habeas petition filed on December 15, 2016, was untimely filed.

An appropriate order will be entered.